NELLIE PECK *v.* WILLIAM GLUCK AND BARBARA BURDITT.

November Term, 1942.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 5, 1943.

*Clayton H. Kinney* for the defendants.

*Asa S. Bloomer* for the plaintiff.

SHERBURNE, J. This is an action to recover for personal injuries resulting from a collision between an automobile driven by Mrs. Burditt, in which the plaintiff was riding as a gratuitous guest, and a car driven by Gluck, on the ground of gross negligence as against the former, and on the ground of ordinary negligence as against the latter. Verdict and judgment were against both defendants. The defendant Burditt has alone excepted, and unless otherwise named she will be referred to as the defendant.

The accident happened in the forenoon of August 14, 1941, on the main highway from Rutland to West Rutland when the Burditt car, which was proceeding easterly towards Rutland, collided with the Gluck car, which was traveling in the opposite direction, on and near the westerly end of a blind curve, where neither driver could see the other's car until the two cars were within 75 to 100 feet of each other. The evidence was very conflicting, but viewed most favorably to the plaintiff reasonably tended to show the following facts: The road consisted of two 9 foot cement lanes, divided by a white painted center line, and had tarvia shoulders. Each car was traveling at a speed of about 50 miles per hour. When the two cars came into view of each other the Gluck car was traveling with its left wheels a little to its left of the center line while the defendant's car was to her right of the center line on the lane on the outside of the curve. When about twenty-five feet apart the Gluck car started to pull to its right and defendant's car veered sharply to its left, and the right front end of defendant's car collided with the left front end of the Gluck car when the two cars were astride the center line. Neither driver had reduced speed, and the force of the impact was such that the front ends of the two cars were pushed to the north nearly across Gluck's side of the road. Had the defendant, instead of turning to the left, driven to her right upon the road shoulder and yielded more of the road to Gluck she would have had room to pass safely and without interference even though Gluck had not changed his course and attempted to pull back onto his side of the road. The defendant had traveled this road many times and was familiar with the curve where the accident happened, and knew that the road carried a heavy traffic.

The defendant excepted to the overruling of her motions for a directed verdict and to set aside the verdict. The grounds of these motions so far as briefed are that the evidence viewed most favora-

bly to the plaintiff fails to show that the defendant was guilty of gross negligence, or an indifference to the duty which she owed to the plaintiff, or an utter forgetfulness of the plaintiff's safety; and that the undisputed physical facts show that Gluck was traveling so far to his left of the center of the road that there was no evidence sufficient to establish gross negligence on the defendant's part, or, as said in her brief, the evidence failed to show anything more than an error in judgment or loss of presence of mind.

It is unnecessary to repeat in full the definition of "gross negligence" as used in P. L. 5113 and defined in *Shaw, Admr.* v. *Moore,* 104 Vt 529, 531, 162 A 373, 86 ALR 1139, and subsequent cases. For the purposes of this case it is sufficient to say that gross negligence is higher in degree and more culpable than ordinary negligence—that it amounts to a failure to exercise even a slight degree of care, and to indifference to the duty owed a guest passenger and utter forgetfulness of his safety; but there must be something more than an error in judgment, momentary inattention, or loss of presence of mind. *Franzoni* v. *Ravenna,* 105 Vt 64, 163 A 564; *Anderson* v. *Olson,* 106 Vt 70, 169 A 781; *Kelley* v. *Anthony,* 110 Vt 490, 495, 8 A2d 641.

In the recent case of *Kerin* v. *Coates,* 112 Vt 466, 28 A2d 382, where the circumstances disclosed by the evidence would have warranted the jury in finding the defendant guilty at least of ordinary negligence in driving at the speed he did, in driving where he did, and in failing to see the approaching car as soon as he could and should have seen it, we held that the evidence of his negligence in these three respects tended to indicate that such negligent acts were not all due merely to an error in judgment, momentary inattention or loss of presence of mind, and that the jury could properly find that the defendant failed to exercise even a slight degree of care, thereby indicating indifference to his duty to his guest and utter forgetfulness of the guest's safety, and constituting gross negligence.

Here the jury could properly have found the defendant guilty of ordinary negligence in driving her car at an excessive speed around a blind curve, and in failing to keep as far to the right hand side of the highway as reasonably practicable, contrary to the provisions of P. L. 5110, sub. div. IX, and in failing to keep to the right of the center of the road so as to pass without interference, contrary to the provisions of sub. div. I of the same sec-

tion. The defendant was familiar with the highway and knew of the heavy traffic upon it. If driving around this curve at a speed of 50 miles per hour did not alone constitute gross negligence, which we do not decide, the jury could properly find from her speed and where she drove in meeting the Gluck car that the defendant failed to exercise even a slight degree of care, and that she was guilty of gross negligence.

■ The defendant lays stress upon certain scuff marks and an oil spot upon the highway as testified to by an officer, and claims that they are undisputed physical facts as against which the other testimony as to the course traveled by the Gluck car must yield. As we have recently said in *Izor v. Brigham,* 111 Vt 438, 442, 17 A2d 236, 237; and *Johnson v. Cone,* 112 Vt 459, 28 A2d 384, 387, "Since a chain can be no stronger than its weakest link it is obviously necessary not only that the existence of the physical facts relied upon, but also their connection with the question at issue be established in order to have the effect claimed." Here, as in those cases, the credibility of the witness who made the observations and measurements was for the jury to determine. The existence of the physical facts and their connection with the question at issue were not undisputed. They are disputed, inferentially at least, by some of the testimony as to the course traveled by the Gluck car. The motions were properly overruled.

The remaining exceptions which are briefed relate to the refusal of the court to instruct the jury as asked in two requests to charge. The only point made in defendant's brief relative to these is that testimony which is inconsistent with undisputed physical facts cannot be accepted. As we have seen, the existence of the physical facts and their connection with the question at issue were not undisputed. Hence error in the denial of the requests is not made to appear.

*Judgment affirmed.*