GENEVA EMERY, b.n.f. *v.* MELVIN H. SMALL.

(86 A2d 542)

January Term, 1952.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY and ADAMS, JJ., and CHASE, Supr. J.

Opinion Filed February 5, 1952.

*Austin & Edmunds* for the defendant.

*Lisman & Lisman* for the plaintiff.

SHERBURNE, C. J.   The plaintiff seeks to recover for injuries received in a collision with a parked truck while riding westerly on Riverside Avenue in the city of Burlington in an automobile owned and operated by the defendant, and in which she was an invited guest passenger.   The declaration alleges gross negligence, and a recovery is sought under the provisions of V. S. 47, § 10,223.   From a verdict and judgment for the plaintiff, defendant has excepted.   The only exception briefed is to the denial of defendant's motion for a directed verdict based upon the claimed absence of any evidence of gross negligence upon the part of the defendant.

The evidence was conflicting, but viewed most favorably to the plaintiff it reasonably tended to show the following facts : The accident happened at about one o'clock in the morning of December 25, 1949.   Riverside Avenue at that time was 34 feet 10 inches wide between curbs, and had a black top or macadam surface over its entire width.   An unlighted two or three ton truck facing west was parked on its right or northerly side of the street six or seven inches from the curb and about 12 feet east of a point directly under a street light, by the light of which the whole of the truck could be clearly seen.   On the truck's rear end were two red metal reflectors. As the defendant approached the place where the truck was parked there was a sharp right hand turn and a slight left bend in the street. He could have seen to the street light pole when 400 feet away, and there was a straightaway view of it for 289 feet and the sight to the truck was clear.   The defendant was traveling well over to his right side of the street at about 30 miles per hour on low beam lights, which shone ahead perhaps 125 feet.   He did not see the truck until within 12 feet of it, too late to avoid a collision.   The plaintiff was

140

riding on the right side of the front seat. She first saw the truck when between 100 and 150 feet away, and could then see it quite clearly. When she saw that the defendant was not reducing his speed or turning to avoid the truck she looked at him and observed that he was looking at her. She said "Look out, there is a truck", and he said "What truck" and looked up and said "Hold on", and turned his car to the left. His right hand front wheel hit the left rear wheel hub cap of the truck and the top of the car was damaged around the right front side by contact with the left side of the truck body. It was a dark night, but it was not storming. There was no other car going in either direction.

█ It is unnecessary to repeat in full the definition of "gross negligence" as used in the statute and defined in *Shaw, Admr.* v. *Moore,* 104 Vt 529, 531, 162 A 373, 86 ALR 1139, and subsequent cases. For the purposes of this case it is sufficient to say that it amounts to a failure to exercise even a slight degree of care, and to indifference to the duty owed a guest passenger and utter forgetfulness of his safety; but there must be something more than an error in judgment, momentary inattention, or loss of presence of mind. *Peck* v. *Gluck,* 113 Vt 53, 55, 29 A2d 814, and cases cited. It has been found by experience that the decided cases are of small assistance in determining whether the evidence in a given case tends to show gross negligence, and that each case must stand mostly on its particular facts, considered in the light of accepted principles of law. *Hall* v. *Royce,* 109 Vt 99, 104, 192 A 193; *Abel* v. *Salebra,* 115 Vt 336, 340, 61 A2d 605.

██ We need only consider the allegation in the declaration that the defendant failed to keep his attention on the road and failed to keep a lookout, and whether such failure under the circumstances was such as to constitute gross negligence. In view of the size of the truck and its location almost directly under a street light, with its rear end probably not over 29 feet easterly thereof, it is inconceivable that the defendant could not have seen it when 260 feet away, and it must have been in plain view. He was chargeable with knowledge of objects in the highway which were in plain view. *Steele* v. *Fuller,* 104 Vt 303, 309, 158 A 666. Because the plaintiff did not see it until it was between 100 and 150 feet away does not excuse the defendant. As a passenger she was not held to the same degree of watchfulness as the defendant driver. *Huestis* v. *Lapham's Estate,* 113 Vt 191, 196, 36 A2d 115, and cases cited. Although he did not

see the truck until 12 feet from it he was able to almost clear it. Had he seen it a second earlier, or when 56 feet away, he could undoubtedly have avoided hitting it. In traveling at 30 miles per hour it took him $4\frac{1}{2}$ seconds to travel 204 feet, the difference between 260 feet and 56 feet. Giving the defendant the benefit of any possible doubt he traveled over 150 feet with the truck in plain view before reaching a point where he could not avoid hitting it.

Upon the evidence a jury, acting reasonably, could have found that the defendant's failure to keep his attention on the road and to keep a lookout amounted to a failure to exercise even a slight degree of care, and to indifference to the duty owed his guest and utter forgetfulness of her safety, and that such failure was more than an error in judgment, momentary inattention, and loss of presence of mind. Defendant's exception is not sustained.

*Judgment affirmed.*