**Joyce Chamberlain, b.n.f. Clara Chamberlain v. Lester Delphia**

(103 A2d 94)

January Term, 1954.

Present: **Sherburne, C. J., Jeffords, Adams and Chase, JJ., and Hulburd, Supr. J.**

Opinion Filed February 2, 1954.

*Arthur & Arthur* for the defendant.

*Lisman & Lisman* for the plaintiff.

**Chase, J.** In this case the plaintiff, Joyce Chamberlain, who was a guest passenger in the defendant's automobile, seeks to recover for injuries received when the defendant's automobile and another were in collision. To recover, the plaintiff must show gross negligence on the part of the defendant. V. S. 47, §10,223. No claim is made that the plaintiff was guilty of contributory negligence. The case is here on the defendant's bill of exceptions.

Viewed in the light most favorable to the plaintiff the jury reasonably could have found the facts as follows: that the accident happened on July 4, 1951, on a steep and dangerous hill on a country back road in Bridport, Vermont; that the plaintiff admitted he knew the hill was dangerous; that the plaintiff and the defendant had been over the road together five times that day prior to the accident; that they had met less than fifty cars on those five trips; that the road was about fifteen feet wide, the hill between one hundred and one hundred and fifty feet long and it was raining; that the plaintiff drove his automobile in the middle of the road as he ascended the hill and his automobile was still in the middle of the road after the collision; that the other automobile came over the brow of the hill as the defendant was just starting up the hill; that the defendant was reaching across in front of the plaintiff and the other passenger to get the cigarette lighter and to look at a paper they were laughing at; that while doing this the plaintiff said to him, "Go where you're looking"; that he didn't see the other automobile until one of his passengers screamed when it was about forty-five feet away; that the collision occurred immediately at a point about two-thirds of the way to the top of the hill; that the defendant, in going up the hill, was travelling between thirty and forty miles per hour; that had the defendant been watching the road he would have seen the other automobile when it was about one hundred to one

hundred and fifty feet away; that the road was wide enough so that the two automobiles could have met without colliding; that after the accident there was room for an automobile to pass on the right of the defendant's automobile.

■ It is unnecessary to repeat in full the definition of "gross negligence" as used in the statute and defined in *Shaw, Admr.* v. *Moore,* 104 Vt 529, 531, 162 A 373, 86 ALR 1139, and subsequent cases. For the purposes of this case it is sufficient to say that it amounts to a failure to exercise even a slight degree of care and to indifference to the duty owed a guest passenger and utter forgetfulness of his safety; but there must be something more than an error in judgment, momentary inattention, or loss of presence of mind. *Emery* v. *Small,* 117 Vt 138, 140, 86 A2d 542; *Peck* v. *Gluck,* 113 Vt 53, 55, 29 A2d 814, and cases cited. It has been found by experience that the decided cases are of small assistance in determining whether the evidence in a given case tends to show gross negligence and each case must stand mostly on its particular facts, considered in the light of accepted principles of law. *Emery* v. *Small, supra*; *Abel* v. *Salebra,* 115 Vt 336, 340, 61 A2d 605; *Hall* v. *Royce,* 109 Vt 99, 104, 192 A 193.

■ Upon the foregoing facts the jury, acting reasonably, could have found that the defendant started up a hill which he knew was dangerous, where his vision of approaching cars was limited to one hundred and fifty feet at the most and the extent of such vision decreased constantly as he ascended the hill; that he drove in the center of the road at a speed of thirty to forty miles per hour; that he took his eyes off the road and continued in the center of the road at the same rate of speed when an approaching car was in plain view; and that he was unaware of the approaching car until he was within forty-five feet of it. It was the province of the jury to decide whether these facts, taken together, amounted to gross negligence, *Kerin* v. *Coates,* 112 Vt 466, 469, 28 A2d 382.

■ The defendant appears to rely in his brief upon the application of the "sudden emergency" rule to relieve him of the consequences of his acts. This rule cannot be invoked in favor of one who has placed himself in a position of danger

through his own fault. *Dawley's Admr.* v. *Nelson*, 115 Vt 461, 464, 63 A2d 866; *French* v. *Nelson*, 111 Vt 386, 391, 17 A2d 323; *Rich* v. *Hall*, 107 Vt 455, 461, 181 A 113.

There was no error in denying the defendant's motion for a directed verdict.

The defendant argues in his brief that the jury was prejudiced by certain questions asked by the plaintiff's counsel. Neither the brief nor the transcript show that any exception was taken to the asking of the questions complained of, so nothing is presented for our consideration. *Wool* v. *Larner*, 112 Vt 431, 436, 26 A2d 89; *Campbell* v. *Campbell*, 104 Vt 468, 474, 162 A 379, 85 ALR 626.

During the arguments, the defendant's counsel at the bench excepted "to remarks by plaintiff's attorney Bernard Lisman with reference to insurance on the car, when there was no evidence to that effect, on the ground that it is prejudicial to the case". The argument of defendant's counsel referred to was not taken by the reporter, so there is nothing for us to consider. Furthermore, it is inadequately briefed, since all that is said concerning it is merely a repetition of the grounds stated in taking the exception, and therefore does not merit our consideration. *Trudo* v. *Lazarus*, 116 Vt 221, 225, 73 A2d 306; *Sparrow* v. *Cimonetti*, 115 Vt 292, 299, 58 A2d 875; *Flint* v. *Davis*, 110 Vt 401, 404, 8 A2d 671.

*Judgment affirmed.*