# Robert Rivard v. John Roy

[196 A.2d 497]

October Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed December 3, 1963

*Davis, Martin & Leinwohl* for the plaintiff.

*Theriault & Joslin* for the defendant.

**Shangraw, J.** This is an action for personal injuries sustained by the plaintiff arising out of a motor vehicle accident in the city of Barre, Vermont, on September 15, 1960. At the time the plaintiff was a passenger in a truck operated by the defendant.

This appeal by the plaintiff concerns a motion made by the defendant, at the close of the plaintiff's evidence, for a directed verdict in his favor. The defendant's motion was granted by the trial court and judgment entered on the verdict.

The grounds on the motion are twofold. First, that the evidence was not sufficient to demonstrate gross negligence on the part of the defendant, as required by the provisions of our guest-passenger statute, 23 V.S.A. §1491. Secondly, that the plaintiff was guilty of negligence proximately contributing to the cause of the accident. The record fails to show on what grounds the motion was granted.

On September 15, 1960, the defendant rented a truck with box or van attached from Hertz Rent-a-Car in Providence, Rhode Island. The defendant left Providence at 9:30 in the morning of September 15 and arrived in Barre, Vermont, in the afternoon of the same day. On examination the defendant was asked the following questions and gave the following answers:

"Q. How big a truck was it?
A. I can't say for sure as far as weight goes but I think it was an eleven foot box, the heighth.
Q. It was a high van?
A. Yes.
Q. And did you notice it was high when you rented it?
A. I noticed it was higher than a car or anything else.
Q. You realized it was a high van?
A. Yes, high box."

Around seven o'clock that evening the defendant drove the truck to Hall Street where the plaintiff lived. He picked up the plaintiff and then went directly to Foss Street where he also picked up two other persons who sat in the van of the truck. Plaintiff occupied the driver's seat beside the defendant. It was the defendant's intention to drive to a camp in Washington, Vermont. The defendant was 23 years old and had been driving motor vehicles since sixteen years of age.

The defendant drove the truck back on Foss Street into Smith Street to the intersection of Smith and Blackwell Streets. After stopping at the intersection of Smith and Blackwell Streets, the defendant made a right hand turn into Blackwell Street and proceeded up Blackwell Street until the truck collided with a railroad trestle 100 feet away. It was daylight at the time of the accident.

The defendant, as he stated, was "very familiar" with the Blackwell Street underpass. In going to work he went through this underpass every day, and was aware of the warning light and the sign on the trestle which stated that the clearance underneath was nine feet and three inches. The red light and clearance sign were located on the trestle in plain view directly over the highway. The time consumed by the defendant in traveling from the intersection to the underpass was estimated at 15 or 20 seconds.

The van on the back of the truck was approximately two feet higher than the underpass. It could not pass, and by reason of the collision the van was pushed back from the body of the truck between a foot and a half to two feet, with resulting damage to the truck or van of about $1,000. Plaintiff was injured. The defendant testified that he was shifting gears at the time of the impact, and gave no consideration whatsoever as to whether the truck or van would pass under the trestle.

The plaintiff first saw the truck at a granite shop in Barre about four o'clock in the afternoon of September 15, 1960. Plaintiff did not know the height of the truck or van, nor had he ever ridden in a truck of this type before. In going to Washington the plaintiff was not aware of which route the defendant proposed to take until he made a right hand turn at the intersection of Smith and Blackwell Streets. Plaintiff testified that he had been through the underpass only once or twice with a car. At no time did he make any suggestion to the defendant concerning the route to be followed, or the operation of the truck.

In passing upon the defendant's motion for a directed verdict, the record fails to disclose upon which ground or grounds it was granted. We shall therefore pass upon each aspect of the motion, namely, (1) that of the asserted absence of gross negligence of the

defendant, and (2) the claimed contributory negligence of the plaintiff.

It is unnecessary to repeat in full the definition of "gross negligence" as used in the statute, 23 V.S.A. §1491, and defined in *Shaw, Admr.* v. *Moore,* 104 Vt. 529, 531, 162 Atl. 373, 86 A.L.R. 1139, and subsequent cases. For the purposes of this case, as stated in *Emery* v. *Small,* 117 Vt. 138, 140, 86 A.2d 542, " . . . it is sufficient to say that it amounts to a failure to exercise even a slight degree of care, and to indifference to the duty owed a guest passenger and utter forgetfulness of his safety; but there must be something more than an error of judgment, momentary inattention, or loss of presence of mind." Citing *Peck* v. *Gluck,* 113 Vt. 53, 55, 29 A.2d 814.

The decided cases are of little assistance in determining the existence of gross negligence in any particular case. The existence of such negligence in a case turns almost entirely on its own peculiar factual situation. *Langdon-Davies* v. *Stalbird,* 122 Vt. 56, 57, 163 A.2d 873, citing *Emery* v. *Small, supra,* and *Powers* v. *Lackey,* 109 Vt. 505, 506, 1 A.2d 693.

In *Shaw* v. *Moore, supra,* the definition there given to gross negligence contains a number of descriptive phrases. No common measure is strictly possible. *Conway* v. *O'Brien,* 111 F.2d 611. The absence or presence of gross negligence is generally a question for the jury. It is only where the minds of reasonable persons cannot differ that the court is justified in deciding the question as a matter of law. *Wiggins* v. *State,* 232 Md. 228, 192 A.2d 515, 520, 521.

A further detailed discussion of the facts would at this point serve no useful purpose. It is sufficient to say that the defendant was "very familiar" with the underpass, in that he passed through the same daily when going to work; a light and sign indicating the clearance space of the underpass was in plain view; he had driven the truck from Providence to Barre and knew that the box or van thereon was very high; he gave no consideration to the underpass when approaching the same; he failed to heed the warning sign or stop the truck to ascertain whether or not the van would pass through the underpass; and from the point of the intersection of Smith and Blackwell Streets, 100 feet distant, he had ample time to consider the

disparity between the clearance of the underpass and the height of the truck or van.

We have said repeatedly that there is no concrete rule by which the existence of gross negligence can be determined, for each case must be judged according to its own facts, considered in the light of accepted principles of law. *Kerin* v. *Coates,* 112 Vt. 466, 469, 28 A.2d 382.

There is present a combination of factors which gave rise to this accident. The case bears some resemblance to *Ellison* v. *Colby,* 110 Vt. 431, 8 A.2d 637, in which there was evidence that the defendant, familiar with the dangerous conditions caused by a flood at the place of accident and elsewhere on his route, drove upon and across a bridge at the rate of about 50 miles per hour in the nighttime, and at the exit from the bridge failed to enter upon that part of a newly made dirt fill that had been made safe for traffic. It was held that a finding of gross negligence was warranted.

It seems clear in this case that it was for the jury to determine whether the defendant failed to exercise even a slight degree of care, thereby indicating indifference to plaintiff's safety; and that such failure was more than an error in judgment, momentary inattention, and loss of presence of mind. *Kerin* v. *Coates, supra,* p. 470; *Emery* v. *Small, supra,* p. 141.

The second issue that comes into play is whether it can be said that the plaintiff was guilty of contributory negligence as a matter of law. As a passenger, the law required the plaintiff to exercise reasonable caution and judgment for his own safety. His conduct must meet the standard of a reasonably prudent person in the situation that prevailed at the time of the accident. *Blondin* v. *Carr,* 121 Vt. 157, 158, 151 A.2d 121; *Huestis* v. *Lapham's Estate,* 113 Vt. 191, 196, 32 A.2d 115; *Senecal* v. *Bleau,* 108 Vt. 486, 494, 189 Atl. 139.

As bearing on the conduct and duties of a guest-passenger, such as here, the following are well established guide posts adopted by this Court. A passenger in a motor vehicle is not held to the same degree of watchfulness as the driver. *Emery* v. *Small, supra,* at p. 141; *Huestis* v. *Lapham's Estate, supra* p. 140. An invited guest is not bound to anticipate that the operator of a motor vehicle will omit

the exercise of due care. *Steele* v. *Lackey,* 107 Vt. 192, 199, 177 Atl. 309; *Round* v. *Pike,* 102 Vt. 324, 328, 148 Atl. 283. Further, the duty of a passenger to warn the operator arises only when he fully apprehends the danger, and that danger is such that it would call upon a reasonably prudent passenger to put the operator on guard and the risk would therefore be averted. *Dashnow* v. *Myers,* 121 Vt. 273, 282, 155 A.2d 859. By reference to the facts related in this opinion, and the very limited knowledge by plaintiff of existing conditions, we are convinced that the question of contributory negligence was an issue for the jury to resolve.

By granting the defendant's motion for a directed verdict, the trial court ruled as a matter of law that there was no evidence to support a verdict in plaintiff's favor. *Dashnow* v. *Myers,* 121 Vt. 273, 278, 155 A.2d 859; *Laferriere* v. *Saliba,* 119 Vt. 25, 30, 117 A.2d 380. From what has been said, error appears. There must be a new trial.

*Reversed and remanded.*