# Jennifer Langdon-Davies v. Marjorie A. Stalbird

[163 A.2d 873]

May Term, 1960

Present: Holden, Shangraw, Smith and Barney, JJ. and Morrison, Supr. J.

Opinion Filed September 6, 1960

*J. Malcolm Williams* for the plaintiff. .

*Ryan, Smith & Carbine* for the defendant.

**Barney, J.** The single question of this appeal is the sufficiency of the plaintiff-passenger's evidence to establish gross negligence on the part of the defendant-driver, as required by the provisions of our guest passenger statute, 23 V.S.A. §1491. The issue was raised during the trial by defendant's motions for a directed verdict at the close of plaintiff's case and at the end of all of the evidence, and, after verdict, by defendant's motion for judgment notwithstanding the verdict.

The plaintiff and a Miss Judith Loewe were riding with the defendant on the front seat of the defendant's car as she was driving from Wells to Poultney on Route 30 on June 30, 1959. At 7:15 P.M.,

with the weather clear, the blacktop pavement dry and visibility good, the defendant's car, travelling at about 40 miles per hour in an area where the legal maximum of fifty miles per hour applied, reached the middle of a rather sharp lefthand turn. At this point the defendant heard a noise as of small stones against her fender and abruptly applied her brakes, whereupon the car, travelling about fifty feet, spun almost completely around and out of control and then tipped over onto its right side. The plaintiff's right arm was pinned under the overturned car, causing the injuries for which she seeks recovery. The evidence discloses that the occupants of the car were engaged in general conversation as they travelled from Wells; that the defendant, up until the time she applied her brakes in the midst of the curve, had not diminished speed in negotiating the turn; and that the car, in going around the curve, passed at least partially off the right edge of the pavement onto the shoulder. At the time of the accident there was no traffic on the road from either direction. The defendant was acknowledged to be a capable driver of about four years experience, but was not particularly familiar with this highway.

It has become a truism to say that the decided cases are of little assistance in determining the existence of gross negligence under the evidence in a particular case. Each case turns almost entirely on its own peculiar factual situation. *Emery* v. *Small,* 117 Vt. 138, 140, 86 A.2d 542; *Powers* v. *Lackey,* 109 Vt. 505, 506, 1 A.2d 693. It would seem fitting to account for this apparent absence of certainty in this area of the law.

Since it involves the question of the sufficiency of evidence, the quantitative measuring of the "grossness" of a defendant's negligence is, within the limits of rational and reasonable logical processes, a weighing of testimony and a passing upon credibility. This is the traditional province of the jury as triers of fact. Challenges to the submission to them of questions of fact are of two kinds. The first comes just prior to submission and is a contention that, as a matter of law, the party carrying the burden of proof has so far failed to sustain that burden that the best aspect of his evidence does not entitle him to have the question involved referred to a jury for consideration. This is to say that, if submitted, reasonable men would agree that no jury, acting rationally, could find enough evidence to support

a verdict in favor of the proponent, so that any verdict in his favor would have to be set aside. The second challenge, coming after submission to the jury, is that the verdict reached by the jury was one which reasonable men, weighing the testimony as actually given by the witnesses on the stand, would have to agree was not supported by the credible evidence in the case, thereby affirming the exercise of discretion by the trial court in setting the verdict aside.

The first challenge takes the form of a motion for a directed verdict. It is difficult to find a more lucid explanation of the meaning of the direction of a verdict than that of Campbell, J., in *Jerke* v. *Delmont State Bank*, 54 S.D. 446, 223 N.W. 585, 72 A.L.R. 7, opinion quoted in full in Wigmore on Evidence, Vol. 9, §2495, pages 306-311:

> "When a court holds in any given case or upon any given facts, that the direction of a verdict is proper, it is not in any strict sense announcing a rule or doctrine of law but is merely announcing its judgment or opinion, as a matter of reason and logic, that in that case and upon those facts reasonable minds could not differ as to the result to be reached."

The second challenge is represented by the appeal to the discretion of the trial court to set aside the verdict on the grounds that it is against the weight of the evidence. Here, again, interference with a ruling of the trial court is not based on a rule of law, but only upon an appearance that the evidence so strongly preponderates against the ruling as to leave no reasonable basis for a contrary verdict. *Dashnow* v. *Myers*, 121 Vt. 273, 279, 155 A.2d 859.

In this case the trial court first ruled that the plaintiff had presented enough evidence to justify submitting the issue of gross negligence to the jury, and, second, ruled that the verdict reached by the jury was supported by the evidence and the weight of the evidence introduced. Under the facts of this case, this Court cannot say that the evidence as disclosed by the transcript was such that, in the light of the testimony at the time either ruling was made, reasonable men would all agree that the result contended for by the defendant was the only conclusion rationally and logically supported by that evidence. Therefore, the motions of the defendant were all properly denied.

*Judgment affirmed.*