## Catherine Seewaldt v. Mount Snow, Ltd.

[552 A.2d 1201]

No. 86-202

Present: **Allen, C.J., Peck and Mahady, JJ., and Barney, C.J. (Ret.) and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed August 5, 1988

*Dorsch and Hertz*, Brattleboro, for Plaintiff-Appellant.

*Allan R. Keyes* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Defendant-Appellee.

**Peck, J.** Plaintiff, Catherine Seewaldt, appeals an order of the Windham Superior Court granting defendant's motion for a directed verdict. V.R.C.P. 50(a). We affirm.

In January of 1983, plaintiff attended a ski week at defendant's ski area in Dover, Vermont. On her second day at the ski area, plaintiff slipped while walking down an unimproved path leading from the base lodge to a parking area. She tumbled down the hill and struck her head against a rock at the bottom of the slope, breaking her shoulder and jaw.

Plaintiff brought suit against defendant, seeking compensation for the injuries she suffered in her fall. After plaintiff presented all the evidence she intended to offer concerning defendant's liability, the court ruled on defendant's motion for a directed verdict. The trial court granted the motion in favor of defendant and this appeal followed.

Plaintiff makes no claim that defendant was in any way responsible for the fall itself. Rather, she argues that defendant negligently failed to clear the rocks from the bottom of the hill, thereby creating an unreasonable hazard. In granting defendant's motion for a directed verdict, the trial court determined that plaintiff produced no evidence that reasonably tended to support her claim that defendant was negligent with regard to the placement of rocks at the bottom of the hill. It concluded, therefore, that the matter was not proper for resolution by a jury. See *Macey* v. *James*, 139 Vt. 270, 271, 427 A.2d 803, 804 (1981).

When reviewing the trial court's grant of a directed verdict, this Court must view the evidence in the light most favorable to plaintiff and exclude all modifying evidence. *Behn* v. *Northeast Appraisal Co.*, 145 Vt. 101, 104, 483 A.2d 604, 606 (1984). A motion for a directed verdict cannot be granted where there is any evidence fairly and reasonably tending to justify a verdict in the nonmoving party's favor. See *Beaucage* v. *Russell*, 127 Vt. 58, 60,

238 A.2d 631, 633 (1968); *Senesac* v. *Associates in Obstetrics & Gynecology,* 141 Vt. 310, 312, 449 A.2d 900, 902 (1982). Where a plaintiff has failed to present evidence on an essential element of her case, however, a verdict should be directed for the defense. *Langdon-Davies* v. *Stalbird,* 122 Vt. 56, 57-58, 163 A.2d 873, 875 (1960).

In this case, plaintiff failed to present evidence of one of the elements necessary to create a prima facie case: that defendant breached its duty of care. See *Morris* v. *American Motors Corp.,* 142 Vt. 566, 572, 459 A.2d 968, 971 (1982). Nothing in the record suggests that the path, which plaintiff and others elected to use from time to time as a shortcut to the parking area, was itself dangerous and unsafe to a degree that defendant had reason to anticipate that a person using it might slip and fall. In the absence of such a showing, plaintiff's situation was no different than that which confronts a business invitee who, through no fault of the property owner, falls and hurts herself on a parking area, walkway or driveway which has been paved with a hard surface or bordered with decorative rocks. Unless there is some foreseeable dangerous condition which is known or should be known by the owner but is not known to the invitee, evidence of rocks or the use of a hard paving material, either of which might cause injury in the event of a fall, is, without more, insufficient to establish a prima facie case of negligence and withstand a motion for a directed verdict. Cf. *Garafano* v. *Neshobe Beach Club, Inc.,* 126 Vt. 566, 572, 238 A.2d 70, 75 (1967).

Consequently, we hold that the trial court properly directed the verdict in favor of defendant. See *Langdon-Davies,* 122 Vt. at 58, 163 A.2d at 875; *Peterson* v. *Post,* 119 Vt. 445, 450-51, 128 A.2d 668, 672 (1957).

*Affirmed.*

· **Mahady, J.** dissenting. I do not agree with the majority that the trial court properly directed a verdict in favor of defendant in this case. Therefore, I respectfully dissent.

"If there was any evidence reasonably supporting plaintiff's claim, the case should have gone to the jury and a directed verdict [is] improper." *Senesac* v. *Associates in Obstetrics & Gynecology,* 141 Vt. 310, 312, 449 A.2d 900, 902 (1982). Also, plaintiff is to be given the benefit of all reasonable doubts and inferences.

Cf. *Berlin Development Associates* v. *Department of Social Welfare,* 142 Vt. 107, 111, 453 A.2d 397, 399 (1982) (when deciding a summary judgment motion, inferences and doubts as to the facts must be decided in favor of the nonmoving party).

The owner or occupier of land owes a business invitee the duty to maintain the premises in a safe condition, suitable for use by the invitee. *Garafano* v. *Neshobe Beach Club, Inc.,* 126 Vt. 566, 570, 238 A.2d 70, 74 (1967). This duty requires the business owner or operator "to use reasonable care to keep its premises in a safe and suitable condition so that [the invitee will] not be unnecessarily or unreasonably exposed to danger." *Id.* at 572, 238 A.2d at 75. "[T]he standard of conduct needed to discharge a duty of care in any given situation [is] measured in terms of the avoidance of reasonably foreseeable risks to the person to whom such duty is owed." *Green* v. *Sherburne Corp.,* 137 Vt. 310, 312, 403 A.2d 278, 280 (1979).

The factual issue in this case, therefore, is whether the presence of the rocks at the bottom of an unimproved path leading down a hill from the base lodge to the parking area constituted a reasonably foreseeable risk to persons using the path.

"The question then is what the reasonable person would have done under the circumstances. Under our system of procedure, this question is to be determined in all doubtful cases by the jury, because the public insists that its conduct be judged in part by the man in the street rather than by lawyers . . . . " Prosser and Keeton on the Law of Torts § 37, at 237 (5th ed. 1984). I am not prepared to rule as a matter of law that the defendant here merely "fail[ed] to take precautions which no reasonable person would consider necessary under the circumstances." *Id.* at 238. Such a determination is for the jury. See, e.g., *Green* v. *Sherburne Corp.,* 137 Vt. 310, 402 A.2d 278 (whether ski area should have padded utility poles located on ski trails submitted to jury). I believe that a directed verdict was improper, and I would have reversed and remanded this case to have the question the trial judge decided determined instead by a jury.