Filed 02/06/26

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-04681

**Dave Emmons v. Town of Hinesburg, et al**

# ENTRY REGARDING MOTION

Title:      Motion to Dismiss (CVUSD) (Motion: 1)
Filer:      Pietro J. Lynn
Filed Date: December 23, 2025

## DECISION AND ORDER

This case arises out of Plaintiff Dave Emmons' allegations that the now deceased Leon Lestage "groomed and physically and sexually abused" Emmons during 1976-83 when Lestage worked for Defendant Champlain Valley Union School District ("CVU").[1] CVU has moved to dismiss. Emmons opposes. Co-Defendant Town of Hinesburg takes no position. Counsel represent all parties. For the reasons set forth below, the court GRANTS IN PART and DENIES IN PART CVU's Motion to Dismiss (Mot. 1).

## I. Background

Emmons raises three causes of action in his Complaint. Reading it charitably as required by Rule 12(b)(6), the court gathers the following about Emmons' claims against CVU.

Although captioned as "Negligence," Count I variously alleges negligence, gross negligence and recklessness by CVU.[2] Emmons bases all theories of liability on one factual

---

[1] (Compl. ¶¶ 5-6.)

[2] (*Id.* ¶¶ 14(f), 14(g), 16, 17, 20, 35, 36.) Emmons alleges several theories of liability resulting in damages to him. This court parses the following, acknowledging that Emmons has not organized his Complaint this way: (1) CVU violated its duties under Title IX of the Education Amendments of 1972 ("Title IX") when it failed to protect Emmons from Lestage; (2) CVU abused the authority invested in it by the state when it knew or should have known of Lestage's impending danger, was recklessly indifferent to it and knowingly created a dangerous environment; (3) CVU violated Emmons rights under the Fourteenth Amendment of the U.S. Constitution by violating his bodily integrity; (4) CVU acted negligently in the hiring and retention of Lestage as an employee; (5) CVU failed to supervise Lestage properly; (6) CVU breached its duty to protect Emmons from abuse; (7) CVU abused its positions of power, authority, trust and confidence when it failed to address Emmons' report to the School Counselor; (8) CVU has vicarious liability under respondeat superior and agency for Lestage's actions; (9) CVU breached its duty to safeguard Emmons by failing to protect him from Lestage's criminal and tortious acts and to address the reported abuse; 10) CVU breached its duty to protect Emmons by failing to train its staff sufficiently; (11) CVU breached its duty to provide sufficient reporting mechanisms; (12) CVU should have known that its policies, procedures and staff harmed Emmons; (13) CVU violated 12 V.S.A. §522; and (14) CVU's failure to

allegation: Emmons "reported the abuse to a School Counselor and his allegations were ignored."[3]

Under Count II that he captions "Breach of Fiduciary Duty," Emmons asserts that CVU caused him "physical and/or mental injury, pain and suffering"[4] by breaching several duties allegedly owed to him through a variety of action and inaction.[5] Like Count I, Count II relies on the factual allegation from Count I incorporated by reference into Count II, that Emmons "reported the abuse to a School Counselor and his allegations were ignored."[6]

In Count III, Emmons describes CVU's previously alleged "conduct" as "extreme, outrageous and wrongful,"[7] in that its various actions and omissions "were committed intentionally and/or recklessly,"[8] resulting in Emmons' "pain, suffering and emotional distress."[9] This four-paragraph count, like the previous counts, relies on the factual allegation from Count I incorporated by reference into Count III, that Emmons "reported the abuse to a School Counselor and his allegations were ignored."[10]

## II. Discussion

### A. Rule 12(b)(6) Legal Standard

Under V.R.Civ.P. 12(b)(6), the court "must assume that the facts pleaded in the complaint are true and make all reasonable inferences in the plaintiff's favor." *Montague v. Hundred Acre Homestead, LLC*, 2019 VT 16, ¶ 10. The court does not accept as true "conclusory allegations or legal conclusions masquerading as factual conclusions." *Vitale v. Bellows Falls Union High Sch.*,

---

prevent Lestage from committing lewd and lascivious conduct in violation of 13 V.S.A. § 3258(e) constituted negligence and gross negligence. (*Id.* ¶¶ 14-20, 25-36.)

[3] (*Id.* ¶ 14(c).)

[4] (*Id.* ¶¶ 46-47.)

[5] The court reads Emmons' Complaint to allege that CVU (1) breached its duty to provide him with "a safe educational environment";[5] (2) breached its duties to "guide, lead and protect" Emmons "and not allow him to be physically, sexually, psychologically and emotionally abused by" "Lestage," given the "personal and moral relationships between" the parties that "were confidential, special and fiduciary" and included "duties of good faith and undivided loyalty," "integrity of the strictest kind" and "to provide for [Emmons'] educational and social welfare";[5] (3) covered up Lestage's abuse of Emmons and failed to warn Emmons about Lestage's danger;[5] and (4) failed to investigate and oversee Lestage. (*Id.* ¶¶ 38, 40, 42, 44-47.)

[6] (*Id.* ¶¶ 14(c), 37.)

[7] (*Id.* ¶¶ 48-49.)

[8] (*Id.* ¶ 50.)

[9] (*Id.* ¶ 51.)

[10] (*Id.* ¶¶ 14(c), 48.)

2023 VT 15, ¶ 28 (quotation omitted). The court considers whether "it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Davis v. American Legion, Dept. of Vermont*, 2014 VT 134, ¶ 12 (quotation omitted). "The purpose of a motion to dismiss is to test the law of the claim, not the facts which support it." *Powers v. Off. of Child Support*, 173 Vt. 390, 395 (2002). As a result, only "where the plaintiff does not allege a legally cognizable claim, [is] dismissal . . . appropriate." *Montague*, 2019 VT 16, ¶ 11.

"The court's attention . . . is to be directed toward determining whether the bare allegations of the complaint constitute a statement of a claim under V.R.C.P. 8(a)." *Levinsky v. Diamond*, 140 Vt. 595, 600 (1982). Rule 8 requires a "short and plain statement of the claim" in "simple, concise, and direct" language with "all pleadings [to] be construed as to do substantial justice." V.R.Civ.P. 8(a), (e), (f). "[T]he threshold a plaintiff must cross in order to meet our notice-pleading standard is exceedingly low." *Bock v. Gold*, 2008 VT 81, ¶ 4 (citation omitted). Consequently, "[m]otions to dismiss for failure to state a claim are disfavored and should be rarely granted." *Id.* (citation omitted). The court should be "particularly wary of dismissing novel claims because '[t]he legal theory of a case should be explored in the light of facts as developed by the evidence, and, generally, not dismissed before trial because of the mere novelty of the allegations.'" *Montague*, 2019 VT 16, ¶ 11 (citation omitted).

### B. Count I – Negligence

The parties agree that 12 V.S.A. § 522 and its limitations-tolling provision applies to this count.[11] In this case, § 522 could award Emmons damages for Lestage's conduct "only if there is a finding of gross negligence on the part of" CVU. 12 V.S.A. § 522(d).

The court must and does accept as true Emmons' allegation that he told a CVU counselor about Lestage's abuse and the counselor ignored the report.[12] Count I's remaining paragraphs variously assert the legal duties Emmons believes CVU owed him and how it may have violated those duties.[13] They articulate his legal theories; they do not contain factual allegations about actions attributable to CVU.[14] The court finds these paragraphs contain "conclusory allegations or legal conclusions masquerading as factual conclusions." *Vitale*, 2023 VT 15, ¶ 28. The court does not accept them as true.

This court must decide whether "it appears beyond doubt that there exist no facts or circumstances that would entitle [Emmons] to relief." *Davis*, 2014 VT 134, ¶ 12. In this case, that means determining whether, assuming that Emmons told a CVU counselor about Lestage's

---

[11] (Mot. at 3 (noting that "Plaintiff invokes 12 V.S.A. §522"); Opp. at 3 (asserting that "Plaintiff cites that the claim is being brought pursuant to 12 V.S.A. §522").)

[12] (Compl. ¶ 14(c).)

[13] (*See supra* Section I including citations.)

[14] (*Id.*)

3

abuse and the counselor ignored the report, those events could give rise to gross negligence by CVU as a matter of law.[15]

> Gross negligence is negligence that is more than an error of judgment; it is the failure to exercise even a slight degree of care[] owed to another. Gross negligence is ordinarily a question of fact for the jury, and an allegation of gross negligence may be dismissed by the court only if reasonable minds cannot differ. We have previously recognized in this context that [e]ach case turns almost entirely on its own peculiar factual situation.

*Kennery v. State*, 2011 Vt. 121, ¶ 41 (citations and internal quotations omitted). *See also In re LaTour*, 2009 WL 4278798, No. 2008-242 (Vt. Feb. 4. 2009) (unpub. mem.) (reciting same standard and upholding finding of gross negligence where mandatory reporter of suspected child abuse did not report victim's accusation of abuse).[16]

"[T]he general rule [is] that the determination of whether a defendant was grossly negligent is for the jury." *Id.* ¶ 42. Our state Supreme Court follows this general rule in deferring gross negligence determinations to the jury unless "reasonable minds cannot differ." *E.g.*, *Sutton v. Vermont Reg'l. Ctr.*, 212 Vt. 612, ¶57 (2020) (reversing dismissal of gross negligence claim against most defendants where allegations could support jury finding that they "heedlessly and palpably violated" their legal duties); *Kennery*, 2011 Vt. 121, ¶ 42 (reversing summary judgment on whether state troopers were grossly negligent in performing welfare check on incorrect address, resulting in the death of the intended beneficiary); *Langdon-Davies v. Stalbird*, 122 Vt. 56 (1960) (affirming trial court's denial of motions for directed verdict and to set aside verdict, deferring to jury's verdict on gross negligence). *See also Steinberg v. Sahara Sam's Oasis, LLC*, 226 N.J. 344, 366, 142 A.3d 742, 755 (2016) (holding that "negligence, gross negligence, recklessness, and willful conduct fall on a spectrum, and the difference between negligence and gross negligence is a matter of degree" and reversing summary judgment).

Given the combination of deferential standards afforded by Rules 12(b)(6) and 8 and the preference for jury determinations of gross negligence, this court cannot say "it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief," *Davis*,

---

[15] The parties mostly focus on CVU's potential liability from Lestage's conduct, instead of the counselor's. (Mot. at 7-8; Opp. at 6-9; Reply. at 2-3.) "'In general, crimes committed by a third party fall within the realm of the unforeseeable, and therefore cannot form the basis for liability.'" *Stopford v. Milton Town Sch. Dist.*, 2018 VT 120, ¶ 17. "[A] generalized risk can contribute to establishing foreseeability, but only when it is accompanied by some knowledge of specific, similar acts or incidents of harm." *Id.* ¶ 19. The only allegation which could form "some knowledge of specific, similar acts or incidents of harm" comes from Emmons' allegation that he reported Lestage to a counsellor who ignored the report. This court focuses on those circumstances in deciding this Motion as the basis for CVU's potential liability since no other one appears to the court from the Complaint.

[16] Trial courts may "consider three-justice decisions from [the Vermont Supreme] Court for their persuasive value, even though such decisions are not controlling precedent." *Washburn v. Fowlkes*, Docket No. 2015-089, 2015 WL 4771613, at *3 (Vt. Aug. 2015) (citing V.R.A.P. 33.1(d), which provides that an "unpublished decision by a three-justice panel may be cited as persuasive authority but is not controlling precedent," except under limited circumstances).

2014 VT 134, ¶ 12, or that "reasonable minds cannot differ" about whether gross negligence resulted when CVU's counsellor ignored Emmons' report of Lestage's abuse.[17]  Count I survives dismissal.

### C.  Count II – Breach of Fiduciary Duty

On this count, the court concludes that *Stopford v. Milton Town Sch. Dist.*, 2018 Vt. 120, ¶ 13, controls.  "The enactment of [16 V.S.A.] § 834(a) evidences the Legislature's intent: Vermont schools do not owe their students anything other than a duty of ordinary care. We will not disregard that intent." *Id.*  That "duty of ordinary care requires schools to take age, circumstances, and a student's disposition into account in exercising reasonable care, but these factors do not raise the duty owed under § 834 beyond one of ordinary care." *Id.* ¶ 15.[18]

Since "Vermont schools do not owe their students anything other than a duty of ordinary care," CVU does not owe Emmons a fiduciary duty.  Count II "fail[s] to state a claim upon which relief can be granted," V.R.Civ. P. 12(b)(6), requiring dismissal.

### D.  Count III – Intentional Infliction of Emotional Distress

"Vermont recognizes the tort of intentional infliction of emotional distress. To prevail, plaintiff must demonstrate 'outrageous conduct, done intentionally or with reckless disregard of the probability of causing emotional distress, resulting in the suffering of extreme emotional distress, actually or proximately caused by the outrageous conduct.'" *Crump v. P & C Food Markets, Inc.*, 154 Vt. 284, 296 (1990) (citation omitted).  "To satisfy the IIED standard, "[p]laintiff[] bear[s] 'a heavy burden that requires . . . show[ing] that the [defendant's] conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of

---

[17] CVU directs the court to a Fifth Circuit decision applying different legal standards in a Title VII case.  (Mot. at 4-5 (discussing *Canutillo Ind. Sch. Dist. v. Leija*, 101 F.3d 393, 399-400 (5th Cir. 1996).)  That case involved a number of differences from this one that make it unhelpful to resolving CVU's Motion.  *Canutillo* went to a jury under a "negligent agent" theory and the trial court denied the school district's post-verdict motions under a strict liability theory under Title IX.  *Id.* at 396.  On appeal, the Fifth Circuit rejected strict liability as the appropriate Title IX standard.  *Id.* at 400.  The *Canutillo* court noted that the evidence in that case did not meet any of the "three types [of liability standard] commonly applied:  (1) Title VI's "notice, absent direct involvement by the school district" standard; (2) Title VII's "knew, or should have known, of the teacher's conduct and failed to take remedial action" standard; and (3) actual or constructive notice.  *Id.* at 400-01.  "[B]efore the school district can be held liable under Title IX for a teacher's hostile environment sexual abuse, someone in a management-level position must be advised about (put on notice of) that conduct, and that person must fail to take remedial action." *Id.* at 401.  The court stopped there, adding "we need not decide, and thus leave for another day, the question of whether the appropriate (or lowest level) management-level person to be notified is a Title IX coordinator, vice-principal, principal, superintendent, or school board member." *Id.*  While that discussion could prove relevant to a Title IX claim, Emmons' Count I arises, by the parties' shared view, under 12 V.S.A. § 522(d).  (*See supra* fn. 11 and accompanying text.)  None of *Canutillo*'s discussion bears on the legal question relevant to this Motion – whether, assuming that Emmons told a CVU counselor about Lestage's abuse and the counselor ignored the report, those events could give rise to gross negligence by CVU as a matter of Vermont law under 12 V.S.A. § 522(d).

[18] Emmons' discussion of decisions under other states' laws do not change that *Stopford* controls this court's decision.  (*See* Opp. at 9-11.)

5

decent and tolerable conduct in a civilized community and be regarded as atrocious and utterly intolerable.'" *Marshall v. Nat'l Bank of Middlebury*, No. 5:19-CV-246, 2021 WL 6803284, at *11 (D. Vt. Dec. 3, 2021) (quoting *Cate v. City of Burlington*, 2013 VT 64, ¶ 28, 194 Vt. 265). Under this explicitly objective standard, "[w]hether the alleged conduct was so extreme that a trier of fact could find liability is a threshold question of law." *Carroll v. Tropical Aquaculture Prods., Inc.*, No. 1:08-CV-138, 2009 WL 385430, at *5 (D. Vt. Feb. 13, 2009) (citing *Denton v. Chittenden Bank,* 163 Vt. 62, 66 (1994)).

"Liability for IIED cannot be grounded in 'mere insults, indignities, threats annoyances, petty oppressions, or other trivialities.'" *Id*. (citation omitted). A prima facie case requires proving "1) extreme and outrageous conduct; 2) done intentionally or with reckless disregard of the probability of causing emotional distress; 3) resulting in the suffering of extreme emotional distress; and 4) the extreme emotional distress must be actually or proximately caused by the outrageous conduct." *Id.* (citation omitted).

Count III's specific allegation comes from its incorporation by reference to Count I's allegation that Emmons "reported the abuse to a School Counselor and his allegations were ignored."[19] Count III alleges that "conduct is extreme, outrageous and wrongful"[20] and that Emmons' "pain, suffering and emotional distress" were the "direct and proximate result" of this conduct.[21] These allegations satisfy elements (1), (3) and (4) for Emmons to plead a prima facie case of IIED. *See id.*

Count III's allegations also suffice to plead element (2) (done intentionally or with reckless disregard). "In the construction of statutes which specifically refer to gross negligence, that phrase is sometimes construed as equivalent to reckless disregard." Restatement (Second) of Torts § 282 special n. 5 (1965). If the jury finds that CVU acted with gross negligence under 12 V.S.A. § 522(d) when its counselor ignored Emmons' report of Lestage's abuse under Count I, it may also find on the same basis that CVU acted with reckless disregard sufficient to establish element (2) for IIED in Count III. Emmons has sufficiently pleaded Count III to avoid dismissal.

---

[19] (*Compl.* ¶¶ 14(c), 48.)

[20] (*Id.* ¶ 49.)

[21] (*Id.* ¶ 51.)

### III. Order

For the reasons set forth above, the court:

      (1) DENIES CVU's Motion to Dismiss Count I;

      (2) GRANTS CVU's Motion to Dismiss Count II; and

      (3) DENIES CVU's Motion to Dismiss Count III.

CVU shall file an Answer within 21 days. The parties shall file a joint discovery and ADR schedule by March 20, 2026.

Electronically signed pursuant to V.R.E.F. 9(d) on February 5, 2026.

Colin Owyang
Superior Court Judge