■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN C. LEWIS, Appellant.—Appeal from a judgment of the County Court of Montgomery County, rendered May 28, 1975, upon a verdict convicting defendant of criminally negligent homicide. On the night in question, at about 8:30 P.M., the defendant, while driving a car in which his girlfriend was the sole passenger, skidded off a residential street in Amsterdam and collided with a tree. The girl was pronounced dead at the scene. The defendant suffered a laceration across the top of his forehead which required stitching at the hospital. The X rays taken of defendant were negative for fracture, but the attending physician testified that he had a cerebral concussion. The evidence revealed that the defendant had three or four drinks containing alcohol in the afternoon and evening preceding the accident. With his girlfriend, he set out for his brother's house. On his way the defendant came to a "T" intersection in the road. He turned left thereafter and apparently fishtailed, but remained on the road for 240 feet until he crossed the opposite lane and hit a maple tree, at approximately 276 feet west of the "T" intersection. Skid marks from the road to the accident measured 37 feet. There were no eyewitnesses to the crash, although a girl who was studying in a house at the corner in question testified that she saw the lights of a car reflect off her wall "going up the wall real fast". She heard what sounded like the driver giving the car more gas and then a crash, but testified that she could not estimate the car's speed. Another witness testified that the defendant came to her home which is located near the scene of the accident and asked to use the telephone to call a garage. Observing the defendant covered with blood, the witness called an ambulance. Shortly thereafter, a Deputy Sheriff arrived. He testified that the defendant had a strong odor of alcohol on his breath, his eyes were bloodshot and glassy, and that he staggered when he walked. The deputy then read the *Miranda* warning and the warning for refusal to take a breathalizer test to the defendant. He then placed the defendant under arrest for driving while intoxicated. The deputy testified that the defendant, in refusing to take the breathalizer test, stated that he was legally drunk and could not pass the test. Both the defendant and the deceased passenger were taken to the hospital. The doctor who treated the defendant at the hospital testified that at no time did he detect the odor of alcohol on the defendant and that if such odor were present at the time of the accident, it would not have been dispelled before the doctor's examination of the defendant. There was no other testimony concerning the odor of alcohol. At the trial, a charge of driving while intoxicated was dismissed for insufficient

evidence. The case went to the jury on the charge of criminally negligent homicide and a verdict of guilty was returned. On this appeal, the defendant raises several points but, as we conclude that the evidence presented was insufficient to sustain the charge of criminally negligent homicide, we need not discuss the other points raised. A person is guilty of criminally negligent homicide when, with criminal negligence, he causes the death of another person (Penal Law, § 125.10). A person acts with criminal negligence when he fails to perceive a substantial and unjustifiable risk that such result will occur. The risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation (Penal Law, § 15.05, subd 4). The culpable failure to perceive the risk is appreciably greater than that required for ordinary civil negligence by virtue of the "substantial and unjustifiable" character of the risk involved and the factor of "gross deviation" from the ordinary standard of care. Criminal liability cannot be predicated upon every careless act merely because its carelessness results in another's death (People v Haney, 30 NY2d 328). The testimony in the instant case is that the defendant had three or possibly four alcoholic drinks from 4:00 P.M. until the time of the accident at 8:30 P.M. This testimony, coupled with the deputy's statement that the defendant exuded a strong odor of alcohol, was the only evidence presented in the case to indicate the defendant may have been driving while his ability was impaired by alcohol as a factor in finding him criminally negligent. The other symptoms, such as bloodshot and glassy eyes and a wobbly gait testified to by the deputy, are as consistent with a head injury as with intoxication. This fact was conceded by both the deputy and the doctor who testified. The evidence of excessive speed in the case was even less conclusive. The sole evidence on this issue came from a schoolgirl who did not see the car in question, but testified that in her opinion it was going fast because of the lights on her wall and the sounds of the engine. Further, the record indicates that the vehicle negotiated a 90-degree turn at the "T" intersection and did not crash until some 276 feet beyond. The deputy testified that in order to make the turn in question, a driver would have to be traveling at a reasonable speed. The evidence of speed does not demonstrate a level of carelessness rising to the level of gross deviation from the reasonable standard of care. Although the death of the young passenger is surely tragic, it appears that the prosecution did not prove that the accident was caused by conduct rising beyond civil negligence to criminal liability. Evidence of negligence and carelessness on the part of the driver is not enough to sustain a conviction. Upon consideration of the entire record herein, we conclude the evidence was insufficient to convict the defendant of the charge beyond a reasonable doubt. Judgment reversed, on the law and the facts, and the indictment dismissed. Koreman, P. J., Greenblott, Kane, Mahoney and Larkin, JJ., concur.