■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. HOFFMAN, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered March 28, 1984, upon a verdict convicting defendant of two counts of the crime of rape in the first degree.

On August 9, 1983, defendant was indicted on two separate charges of rape in the first degree stemming from incidents in December 1978 and January 1979 involving his 10-year-old

stepdaughter. After the denial of a motion to suppress his written confession, defendant was tried and convicted as charged. He was sentenced to consecutive terms of 8 1/3 to 25 years' imprisonment. On this appeal, defendant maintains that the trial court erred in denying his motion for a trial order of dismissal (CPL 290.10) and that prosecutorial misconduct deprived him of a fair trial. We find neither argument persuasive.

Defendant's first argument is grounded on the fact that Dr. Margery Smith, who examined the victim on several occasions in 1980, testified that at her March 20, 1980 examination of the victim, she found no stretching of the victim's genitalia which would indicate any penetration. In her subsequent examination of the victim on November 18, 1980, Smith discerned some stretching which, while indicating some sexual activity, did not indicate full penetration. On the basis of the foregoing, defendant reasons that the objective medical evidence confirms that no sexual intercourse took place prior to March 20, 1980, contrary to the allegations in the indictment. This analysis, however, results from a myopic review of the trial evidence. While Smith did not observe signs of stretching in her March 20, 1980 examination of the victim, she did confirm a significant amount of irritation and redness in the vaginal area that could have resulted from poor hygiene or some type of sexual activity. The record further shows that the victim complained to her school nurse in 1979 about a vaginal discharge. In addition to the medical testimony, the victim testified to a continued course of sexual activity starting at age seven, and to specific acts of sexual intercourse occurring in December 1978 and January 1979. Moreover, defendant confirmed in his written statement that beginning in early spring of 1978 and continuing until June 1980, he repeatedly engaged the victim in sexual intercourse. At this stage, we must view the evidence in a light most favorable to the People (*People v Kennedy,* 47 NY2d 196, 203). We find ample basis in the record to support the jury's verdict (*see, People v Fuller,* 50 NY2d 628, 636-637).

We have reviewed defendant's contentions of prosecutorial misconduct and conclude that while certain improprieties are apparent, the comments made were not so egregious as to deny defendant his constitutional right to a fair trial, nor did they rise to the level of misconduct necessitating reversal and a new trial (*see, People v Patterson,* 88 AD2d 694, 695, *affd* 59 NY2d 794). The first challenged remark is the prosecutor's reference during his opening statement to a "pattern of sexual

and other abuse". No objection was registered and, in any event, the statement was based on the victim's projected testimony of sexual involvement with defendant from age 7 to age 10. Such testimony was admissible only to show defendant's amorous design (*People v Fuller, supra*, p 636; *People v Thompson*, 212 NY 249, 252-254; *People v Pepper*, 89 AD2d 714, 717, *affd* 59 NY2d 353), and the jury was so instructed. As to the inference of physical abuse, a review of the victim's testimony shows that she refrained from coming forward when these incidents first occurred because she feared "another beating". Significantly, the victim testified that when she told her mother of the incidents, she was slapped. The prosecutor's reference to this testimony in his summation was not unwarranted, it being relevant to explain the victim's initial reticence.

Next, defendant asserts that the prosecutor deliberately misconstrued the substance of a report prepared by Dr. Wander Braga, who interviewed the victim and her mother in 1979. In his report, Braga indicated that the mother suspected foul play between the victim and her natural father. On cross-examination, Braga testified that the reference in his report to the natural father was actually to defendant. On redirect, however, Braga clarified that the reference was to Edward Hoffman, defendant's brother. Therefore, it was not improper for the prosecutor to pursue this discrepancy on cross-examination. Further, during cross-examination of the victim's mother, the prosecutor did not err in attempting to impeach her direct testimony denying any suspicions of foul play through the use of her previous statement to Braga. Nor can we agree that the prosecutor's references during summation to Braga's report warrant a new trial. Taken in context, these references again related to the credibility of the victim's mother. To the extent that an inference was made that defendant was the "natural father" referred to in Braga's report, we agree that such inference was not warranted. As indicated, Braga confirmed that the individual referred to in his report was not defendant, but his brother Edward. Nonetheless, when viewed in light of the entire testimony, we cannot agree that these references deprived defendant of a fair trial.

Finally, we do not agree that the few references made by the prosecutor regarding defendant's sexual involvement with the victim's sister necessitate a new trial. In addition to the fact that no objections were made, the trial court clearly apprised the jury that the only relationship at issue was that

between defendant and the victim. Considering the entire record, defendant was not deprived of a fair trial.

Judgment affirmed. Mahoney, P. J., Kane, Main, Casey and Weiss, JJ., concur.