■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS FRISBIE, Also Known as TOMMIE FRISBIE, Appellant.— Main, J. Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered April 12, 1983, upon a verdict convicting defendant of the crimes of criminally negligent homicide and reckless driving.

On August 4, 1982 at approximately 8:45 P.M., defendant, while driving a motorcycle in an easterly direction along State Route 17C in the Town of Waverly, was involved in an accident which resulted in the death of defendant's nephew, Timothy Boehm, who was a passenger on the motorcycle. The accident occurred when Russell Reed, who was driving his car in the westbound lane of Route 17C, moved into the eastbound lane to pass another car and struck defendant's motorcycle, which was not equipped with a headlight or taillight. According to testimony adduced at trial, it was not yet dark but visibility was diminishing at the time of the accident. There was conflicting testimony presented regarding the location of defendant's motorcycle at the time it was struck by Reed's vehicle. Defendant and an alleged eyewitness to the accident testified that defendant was driving the motorcycle on the shoulder of the road when Reed's car proceeded onto the shoulder and struck the motorcycle. Reed testified that his car was never on the road's shoulder but, rather, remained on the

pavement at all times. Another of the People's witnesses, Daniel Springston, testified that he saw the motorcycle proceed onto the paved roadway at one point but did not witness the position of the motorcycle with respect to the pavement at the time of impact. After a jury trial, defendant was found guilty of the crimes of criminally negligent homicide and reckless driving.

Defendant argues that the People did not prove beyond a reasonable doubt his guilt of the two crimes for which he was convicted. "A person is guilty of criminally negligent homicide when, with criminal negligence, he causes the death of another person" (Penal Law § 125.10). A person acts with criminal negligence "when he fails to perceive a substantial and unjustifiable risk * * * of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation" (Penal Law § 15.05 [4]). A person is guilty of reckless driving when he operates a motor vehicle "in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway" (Vehicle and Traffic Law § 1190). In considering whether the evidence adduced at trial is sufficient to sustain the jury's verdict finding defendant guilty of criminally negligent homicide and reckless driving, we must view the evidence in the light most favorable to the People (see, People v Hoffman, 112 AD2d 588).

Here, considering the evidence even in a manner most favorable to the People, we conclude that the evidence is not legally sufficient to sustain the jury's verdict. In the light most favorable to the People, the trial evidence demonstrated that defendant's negligence or recklessness consisted of his operating a motorcycle without a headlight, taillight or reflectors at a time when visibility was diminishing but it was not yet dark. Even taking as true testimony by the People's witnesses that defendant was driving on the road itself and not on the shoulder thereof at the time of the collision, the fact that the motorcycle hit the car's front left headlight demonstrates that he must have been on the outside edge of the road. In any event, Reed, who testified that he could see for a distance of approximately 100 feet down the road at the time of the accident, was under a duty to ensure that the lane in which defendant was purportedly driving was clear for passing. Even this view of the evidence does not sustain the jury's finding that defendant's failure to perceive the risk associated with driving the motorcycle at dusk without a headlight constituted

"a gross deviation from the standard of care that a reasonable person would [have] observe[d] in the situation" (Penal Law § 15.05 [4]) so as to render him guilty of criminally negligent homicide (Penal Law § 125.10; *see, People v Lewis,* 53 AD2d 963). Likewise, this view of the evidence does not sustain the jury's verdict that defendant was guilty of reckless driving. There is no evidence that defendant was speeding or driving in an erratic manner. The only conduct which the People label as reckless was defendant's operation of the motorcycle without a headlight or taillight at a time when visibility was diminishing but it was not yet dark. In our view, such conduct, although careless, does not demonstrate that defendant unreasonably interfered with the use of the highway or unreasonably endangered the users thereof (Vehicle and Traffic Law § 1190). In light of the foregoing, we need not consider defendant's remaining arguments.

Judgment reversed, on the law, and indictment dismissed. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.