FOURTH DEPARTMENT, SEPTEMBER, 1986

(September 26, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, TIMOTHY PERRY, Appellant.—Judgment unanimously reversed, on the law, and indictment dismissed. Memorandum: The issue is whether the evidence was sufficient to sustain the trial court's finding that defendant was guilty of criminally negligent homicide (Penal Law § 125.10). At approximately 9:30 P.M., defendant's car left a rural road, struck a utility pole and flipped over. Two passengers died as a result of the accident. There were no traffic signs or caution lights in the vicinity of the accident, the speed limit was 55 miles per hour, and the road conditions were good. A former State trooper estimated that defendant was traveling at approximately 80 miles per hour. This was based on the officer's observation from the kitchen window of a friend's home at a distance of 100 to 120 yards from the road. The officer acknowledged that it was so dark he could not see the car but only its headlights and could not ascertain whether the car was traveling in its proper lane of traffic. His estimate was based on his experience as a State trooper and he acknowledged that the estimate could be high or low within a range of 10 miles per hour.

Viewing the evidence in a light most favorable to the People, we conclude that the evidence was insufficient to sustain defendant's conviction. Neither the traffic conditions nor the road conditions existing on the night of the accident

posed any particular danger to the defendant. The trial court's finding of guilt, therefore, was based on the testimony that defendant was operating his car at 80 miles per hour, on a rural road, on a dark night. Such conduct, however, does not constitute a gross deviation from the ordinary standard of care held by those who share the community's general sense of right and wrong (Penal Law § 15.05 [4]; *People v Frisbie,* 114 AD2d 587; *People v Beiter,* 77 AD2d 214, 218-219; *People v Lewis,* 53 AD2d 963, 964; *People v Blair,* 33 AD2d 1100; *see also, People v Haney,* 30 NY2d 328, 335). (Appeal from judgment of Wayne County Court, Stiles, J.—criminally negligent homicide, two counts.) Present—Dillon, P. J., Denman, Green, Balio and Lawton, JJ.