TAYLOR, Judge.
The appellant, Darryl Chavis, was indicted for manslaughter in connection with the death of Laura Rewertz, a violation of § 13A-6-3, Code of Alabama 1975. After a trial by jury, appellant was found guilty of the lesser included offense of criminally negligent homicide, a violation of § 13A-6-4, Code of Alabama 1975. He was sentenced to one year in the Baldwin County Jail and fined $250.
The evidence tended to show that during the early morning hours of July 4, 1985, the appellant was driving a 1976 Ford Econoline van along Interstate 10 in Baldwin County. Approximately two miles west of the Florida state line, appellant’s van rear-ended a 1979 Toyota automobile. The impact killed Laura Rewertz, who was sitting in the driver’s seat of the car. The collision also injured her seven-year-old daughter, a passenger.
Trooper Edward Norman and accident investigator Sergeant George Smith of the State Department of Public Safety conduct *660 ed an on-site investigation of the accident. Based on the physical evidence, and an accident reconstruction, they concluded that the Toyota was parked in the emergency lane on the shoulder of the road, approximately four feet off the roadway, when struck by appellant’s van. The trooopers estimated that the speed of the van was no less than 70 miles per hour and no more than 80 miles per hour. Also, Sergeant Smith determined that the victim’s car was struck nearly directly, and not from an angle, in the rear. Trooper Norman stated that since the car’s rear wheels were locked, there was no way that the car could have been moving at the time of the accident.
The appellant was not at the scene of the accident when the troopers first arrived, but he came back later and acknowledged that he was the driver of the van. Appellant stated that he had gone to the Florida welcome station to call for help. When Trooper Norman asked to see appellant’s driver’s license, appellant told him that the State of Florida had suspended his license. While still at the scene, Trooper Norman attempted to have the appellant tested to determine his blood alcohol content, but this was not accomplished because appellant was complaining of head and body pains. Appellant was transported to a local hospital for treatment. He had suffered a partially collapsed right lung, a broken right hand, and injuries to his side.
Almost thirteen hours after the accident, Sergeant Smith interviewed appellant in the hospital. After being advised of his Miranda rights, appellant told the investigator that he and his passenger had been in Mobile and were returning to their home in Niceville, Florida, when the collision occurred. He stated that he was driving along the interstate at approximately 55 miles per hour when the Toyota pulled into his lane of traffic from the emergency lane. He added that he had consumed fewer than three beers, and that he had not slept in the 21 hours prior to the accident.
At trial, appellant testified in his own behalf. He stated that, on the night in question, he was getting sleepy and attempted to wake up his passenger so that he could take over the driving. Moments later he struck Mrs. Rewertz's car. He testified that the victim’s car “seemed to be pulling out in front of me and I didn’t have a chance to hit the brakes. I just jerked the wheel like that and it just, we hit....” He denied that he was speeding and denied running off the road and hitting the car.
I
■ Appellant first contends that the trial court erred in refusing to allow him to place into evidence a copy of the victim’s driving record, which indicated that the victim had received two speeding violations within the past three years. He argues that the accident was unavoidable because the victim pulled out in front of him; therefore, he contends, the victim’s own propensities for careless and unlawful driving were relevant. He urges that he should have been allowed to show her driving record.
Before evidence may be considered by the trier of fact, it must satisfy certain minimum requirements of admissibility, including materiality and relevancy. Dawkins v. State, 455 So.2d 220, 221 (Ala.Cr. App.1984). “Evidence which is relevant has some tendency to make the existence of any fact or inference that is of consequence to the determination of the action more or less probable than it would be without the evidence.” Id. Of course, if the vehicle occupied by Mrs. Rewertz and her daughter did not move before being struck, her driving record was irrelevant.
The victim’s driving record had no relevance in this case. Appellant’s testimony as to how the accident occurred is equivocal as to whether the victim’s car was moving or whether, in his condition, he thought it “seemed to be” changing lanes. In our judgment, his testimony fell short of laying a foundation for evidence of Mrs. Rewertz’s driving record. Thus, any testimony concerning the victim’s driving record would have no bearing on the case.
II
The appellant next contends that the State failed to prove all the elements *661 necessary for conviction under § 13A-6-4, Code of Alabama 1975. Specifically, he argues that the State failed to show negligence on his part which rises to the level of criminal culpability, and further, that the State never proved beyond a reasonable doubt any negligence on his part which was the proximate cause of Mrs. Rewertz’s death.
The state’s evidence presented tended to show that a substantial risk existed and that the appellant’s failure to perceive it was a gross deviation from the standard of care of a reasonable person as required by § 13A-2-2(4), Code of Alabama 1975. The state’s evidence was that appellant was exceeding the speed limit by 15-25 miles per hour, had been drinking, had had no sleep for almost 21 hours prior to the accident, and struck a vehicle parked approximately four feet off the roadway. The state presented a prima facie case against appellant. Thus, the trial court performed its legal duty when it submitted the case to the jury.
For the above-stated reasons, the judgment below is due to be, and it hereby is, affirmed.
AFFIRMED.
All the Judges concur.