## State of Vermont v. Pamela J. Beayon

[605 A.2d 527]

No. 89-309

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed February 14, 1992

---

134

*James P. Mongeon*, Rutland County State's Attorney, Rutland, for Plaintiff-Appellee.

*E.M. Allen*, Defender General, and *Anna Saxman*, Appellate Attorney, Montpelier, for Defendant-Appellant.

**Allen, C.J.** Defendant appeals her conviction, following a jury trial, for vehicular homicide. She asks us to determine whether a violation of 23 V.S.A. § 1091(c) requires, at a minimum, a mens rea of criminal negligence. We hold that it does, and reverse and remand for a new trial.

Defendant was travelling west on Route 4-A in Ira on a wet surface when she lost control of her car and collided with an eastbound vehicle operated by Charles Delaney. A passenger in the Delaney vehicle sustained injuries that resulted in her death weeks later.

By amended information, the State charged defendant with violations of 23 V.S.A. §§ 1091(a)[1] and 1091(c).[2] At trial, the de-

---

[1] Section 1091(a) states:

> No person shall operate a motor vehicle on a public highway in a careless or negligent manner, or upon a wager, for racing purposes, or for the purpose of making a record, or in any manner to endanger or jeopardize the safety, life or property of a person. A person who violates this section shall be punished upon a first conviction by a fine of not more than $300.00 or by imprisonment for not more than three months, or both; and upon a second conviction by a fine of not more than $500.00 or by imprisonment for not more than six months, or both.

[2] Section 1091(c), amended subsequent to this action in 1991, previously stated:

> A person who, while engaged in the violation of any law, ordinance or regulation applying to the operation or use of a motor vehicle or to the regulation of traffic, causes, as a result of the violation, the death of any person shall be fined not more than $3,000.00, or imprisoned not less than

fense unsuccessfully argued that a conviction for violating § 1091(c), which carries a penalty of between one- and fifteen-years imprisonment and/or a fine of up to $3000, could not be based on ordinary negligence, but required the minimum mens rea of criminal negligence. The trial court instructed the jury it could convict defendant if it found that she breached the duty of ordinary care. The jury convicted defendant of both offenses. This appeal followed.

The State charged defendant with operating in a careless and negligent manner in violation of 23 V.S.A. § 1091(a). Vermont case law firmly establishes that "ordinary negligence such as would impose civil liability" suffices for a conviction under § 1091(a). *State v. Stevens*, 150 Vt. 251, 252, 552 A.2d 410, 411 (1988). The issue before the Court, then, is whether a conviction for the violation of § 1091(a), based on ordinary negligence, supplies the requisite mens rea for a conviction under 23 V.S.A. § 1091(c). We conclude that it does not.

Section 1091(c) contains no express mens rea requirement. Instead, it predicates an infraction on the violation of "any law, ordinance or regulation applying to the operation or use of a motor vehicle or to the regulation of traffic" that causes a person's death. 23 V.S.A. § 1091(c). The statute looks first to the underlying violation to supply the mental element necessary for conviction. Because the underlying offense could be the violation of any motor vehicle law, many of which require no mens rea, the statute in effect imposes strict liability for vehicular homicide. We have often implied guilty intent as an element when none was expressly provided by the statute. See *State v. Stanislaw*, 153 Vt. 517, 523, 573 A.2d 286, 290 (1990), and cases cited therein.

Title 23 V.S.A. § 1091(c) is a criminal homicide statute which now imposes the same penalty as Vermont's manslaughter statute, 13 V.S.A. § 2304. As we noted in *Stanislaw*, "[t]he legislature could not have intended to subject a person to a sentence of this duration without requiring the State to show that the defendant bore some fault in causing the death of another."

---

one year nor more than 15 years, or both. The provisions of this section do not limit or restrict prosecutions for manslaughter.

153 Vt. at 524, 573 A.2d at 290. Following our holding and reasoning from that case, we rule that a violation of 23 V.S.A. § 1091(c) requires, at a minimum, a mens rea of criminal negligence. Defendant "must have disregarded a risk of death or injury '"of such a nature and degree that [the] failure to perceive it, considering the nature and purpose of [her] conduct and the circumstances known to [her], involves a *gross deviation* from the standard of care that a reasonable person would observe in the actor's situation."'" *Stanislaw*, 153 Vt. at 525, 573 A.2d at 291 (quoting *State v. Watson*, 138 Vt. 276, 280–81, 413 A.2d 806, 808 (1980) (quoting the Model Penal Code definition of negligence, § 2.02(2)(d) (1962) (emphasis in original))).

■ We agree with the State that the last sentence of § 1091(c)—"[t]he provisions of this section do not limit or restrict prosecutions for manslaughter"—indicates that manslaughter and vehicular homicide are distinct crimes. See also *State v. Poirier*, 142 Vt. 595, 599, 458 A.2d 1109, 1111 (1983) (DUI/fatal and manslaughter are separate and distinct offenses). We disagree, however, with the State's suggestion that the public safety element of § 1091(c) reduces the mens rea requirement for a conviction of that statute. All homicide law, whether or not labeled a "public safety" statute, has as a purpose the protection of human life. As we noted in *Stanislaw*, a "person's criminal liability for an act should be proportioned to his or her moral culpability for that act." 153 Vt. at 525, 573 A.2d at 291. Moreover, our research reveals no other jurisdiction that imposes felony penalties for vehicular manslaughter based on strict liability or on mere civil negligence. The trial court erred when it instructed the jury that it could convict defendant for a violation of § 1091(c) if it found that she breached a duty to exercise ordinary care.

*Reversed and remanded.*