### STATE of Vermont v. William DEVINE

[719 A.2d 861]

No. 96-482

May 22, 1998. Defendant appeals his conviction for careless and negligent operation of a motor vehicle with death resulting (23 V.S.A. § 1091(d)). Defendant contends that the trial court erred when it (1) denied his motion for a judgment of acquittal, (2) declined to suppress expert testimony pertaining to the post-impact speed of defendant's vehicle, and (3) declined to suppress evidence pertaining to defendant's possession of marijuana. We affirm.

While driving south on Route 7 on March 19, 1994, defendant drove his car across the center lane and collided with another vehicle in the northbound lane, killing the driver. Defendant was taken to the hospital, where a bag of marijuana was found in his undergarments. A pipe containing marijuana residue was found in defendant's car. The police subsequently informed defendant that they believed he operated his vehicle while under the influence of drugs. After being advised of his constitutional and statutory rights and after consulting with an attorney, defendant refused to provide a blood sample for testing. Defendant's first trial on charges of careless and negligent operation of a motor vehicle (23 V.S.A. § 1091(d)) resulted in a hung jury, but he was subsequently convicted at a second trial.

Defendant first argues that the trial court erred by denying his motion for judgment of acquittal. When reviewing a denial of a motion for a judgment of acquittal, we must consider whether the evidence, taken in the light most favorable to the State and excluding the modifying evidence, is sufficient to fairly and reasonably support a finding of guilt beyond a reasonable doubt. See *State v. Brooks*, 163 Vt. 245, 254-55, 658 A.2d 22, 29 (1995).

Essentially, defendant claims that one of the State's theories of negligence was that he was driving while under the influence of marijuana. From this defendant concludes that "the prosecution elevated the factual question of [defendant's] . . . drug intoxication to an essential element of the crime charged." We disagree that proof of defendant's drug intoxication was an essential element of the crime.

To obtain a conviction for careless and negligent operation of a motor vehicle the State must prove that the defendant, "while engaged in the violation of any law . . . applying to the operation or use of a motor vehicle or to the regulation of traffic, cause[d], as a result of the violation, the death of any person." 23 V.S.A. § 1091(d).* A conviction under § 1091(d) also requires proof of criminal negligence. See *State v. Beayon*, 158 Vt. 133, 136, 605 A.2d 527, 528 (1992). Therefore, a prima facie case required the State to show that defendant "disregarded a risk of death or injury 'of such a nature and degree that [the] failure to perceive it, considering the nature and purpose of [his] conduct and the circumstances known to [him], involves a gross deviation from the stan-

---

*The Legislature repealed 23 V.S.A. § 1091(d) in 1996 as part of a general revision of the statute. See 1995, No. 151 (Adj. Sess.), § 2.

dard of care that a reasonable person would observe in the [defendant's] situation.'" *Id.* (quoting Model Penal Code definition of negligence, § 2.02(2)(d) (1962)) (first alteration in original). Proof of drug intoxication is not an essential element of proof under § 1091(d).

The State's evidence at trial, when considered in the light most favorable to the State, tended to show that for several days before the accident, defendant had little opportunity for sleep. He was working during the day and operating a light show until late at night at a bar where his friends' band was performing. Defendant admitted consuming alcohol and smoking marijuana during this period. On more than one occasion during this period defendant had trouble staying awake. Defendant also had trouble staying awake on the day of the accident, and he fell asleep in his car during his lunch break shortly before the accident occurred. Although defendant's lunch break ended at 12:30 p.m., he did not return until approximately 2:30 p.m. at which time defendant's supervisor noticed that defendant's eyes were red and puffy and he looked like he had just awakened. Shortly thereafter defendant left work. Although the road was dry and it was a clear day with good visibility, defendant drove in excess of the speed limit across the double yellow line and two lanes of oncoming traffic, and straight into the victim's car — all without attempting to slow down or to turn out of the way. After the accident, defendant was seen searching for something on the passenger side floorboard, where the marijuana pipe was later found. Although defendant was able to identify himself and knew where he was and the time of day, he did not realize that his car had struck another vehicle. Defendant was taken to the hospital, where a nurse found two baggies of marijuana in defendant's underwear. We hold that this evidence is sufficient to carry the State's burden under § 1091(d). See *Common-*

*wealth v. Eichelberger,* 528 A.2d 230, 231-32 (Pa. Super. Ct. 1987) (driving vehicle on the wrong side of road, lack of sleep and consumption of alcohol sufficient to support criminal negligence conviction); *Chavis v. State,* 526 So. 2d 659, 661 (Ala. Crim. App. 1988) (striking car four feet off roadway and driving in excess of speed limit after drinking and not having slept for twenty-one hours constitutes prima facie case of criminal negligence); see also *Commonwealth v. Otis,* 528 A.2d 249, 252 (Pa. Super. Ct. 1987) (jury could properly find defendant criminally negligent for having driven vehicle without having slept for thirty-six hours).

Defendant next argues that the trial court erred when it failed to suppress testimony of the State's expert relating to and employing accident reconstruction techniques for the purposes of determining the speed of defendant's car at the time of the accident. Defendant argues that such evidence should have been suppressed because he did not have an opportunity to examine either of the cars involved in the accident. The police destroyed the vehicles before defendant was charged under § 1091(d).

The State has a duty under V.R.Cr.P. 16 as well as a constitutional obligation to disclose to the defendant potentially exculpatory evidence. See *State v. Bailey,* 144 Vt. 86, 92, 475 A.2d 1045, 1048-49 (1984). When a defendant demonstrates a reasonable possibility that lost or otherwise unavailable evidence would have been exculpatory, determining the proper remedy requires "'a pragmatic balancing' of three factors: (1) the degree of negligence or bad faith on the part of the government; (2) the importance of the evidence lost; and (3) other evidence of guilt adduced at trial." *State v. Delisle,* 162 Vt. 293, 310, 648 A.2d 632, 642-43 (1994) (quoting *Bailey,* 144 Vt. at 95, 475 A.2d at 1050). "Factors two and three of the test are both methods to determine the prejudice caused by lost evidence in

the context of the entire record." *Id.* at 310, 648 A.2d at 643.

Assuming arguendo that defendant's examination of the car would have yielded a reasonable possbility of exculpatory evidence, we conclude that the trial court properly denied defendant's suppression motion. First, defendant did not prove bad faith. At the time the cars were about to be destroyed, defendant was represented by counsel with regard to a civil suspension proceeding because he refused to take a blood test in connection with the accident. The State notified defendant's attorney at the time, and gave him an opportunity to examine the vehicles before they were salvaged. Defendant's attorney declined. Some months later, defendant was charged with careless and negligent driving. In view of the fact that defendant's attorney was notified before the cars were to be destroyed and it was obvious, under the circumstances, that further charges might be brought, we cannot conclude that the timing of the destruction of the cars and the date of the new charges indicates bad faith on the part of the State.

Second, we are not persuaded by defendant's claim that he was prejudiced by not having the opportunity to inspect his car. Defendant complains that the vehicle itself was not available for him to perform a crash analysis, which he claims would have established the speed of the vehicle. Defendant had access to all of the State's evidence, including extensive photographs and diagrams of the accident scene, as well as all of the data collected and recorded at the scene. This evidence was sufficient for defendant to present his own expert testimony concerning the speed of the vehicles, and he did so at his first trial. Cf. *Commonwealth v. Hess*, 666 A.2d 705, 708 (Pa. Super. Ct. 1995) (suppression not necessary where prosecution provided access to evidence regarding vehicles and defendant able to introduce his own expert testimony). Moreover, as outlined above, the State's case was supported by extensive evidence other than that relating to the speed of defendant's car. Because defendant failed to show bad faith or prejudice, we conclude that the trial court properly denied defendant's suppression motion.

Defendant next argues that the trial court erred when it failed to suppress evidence consisting of marijuana and a "pot pipe." Defendant contends that such evidence should have been excluded pursuant to V.R.E. 403, because the prejudicial effect of the evidence outweighed its probative value. We disagree.

We will reverse a trial court's decision to admit evidence only if the court withheld or abused its discretion. See *State v. Powers*, 163 Vt. 98, 100, 655 A.2d 712, 713 (1994). We have recently noted that "[e]vidence tending to inculpate the defendant always carries with it some prejudice." *State v. Kelley*, 163 Vt. 325, 329, 664 A.2d 708, 711 (1995). V.R.E. 403 operates to exclude evidence when "its primary purpose or effect is to provoke horror or punish the defendant, or to appeal to the jury's sympathies." *Id.* We agree with defendant that possession of marijuana and a pipe when considered by itself is not sufficient to prove that defendant had smoked marijuana. Nevertheless, when such evidence is considered in conjunction with defendant's admission that he had smoked marijuana within several days before the accident, that immediately after the accident he concealed marijuana in his underwear and searched for something in the same area where the marijuana pipe was later found, and his refusal to submit to a blood test, we conclude that it has considerable probative value of criminal negligence. The trial court did not abuse its discretion by admitting the marijuana and pipe.

Finally, defendant claims that the marijuana and pipe were relevant only as character evidence, and were inadmissible pursuant to V.R.E. 404. Defendant did

not raise this issue before the trial court. We therefore decline to address it on appeal. See *State v. Jones*, 160 Vt. 440, 448, 631 A.2d 840, 846 (1993).

*Affirmed.*