■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAURYL MALOOF, Appellant. [678 NYS2d 175] —Judgment unanimously reversed on the law and indictment dismissed. Memorandum: On appeal from a judgment convicting her of criminally negligent homicide (*see*, Penal Law § 125.10) and assault in the third degree (*see*, Penal Law § 120.00 [3]), defendant contends that the evidence is insufficient to support the conviction. We agree. The evidence, viewed in the light most favorable to the People (*see, People v Contes*, 60 NY2d 620, 621), fails to establish that defendant acted with criminal negligence (*see*, Penal Law § 15.05 [4]) when her automobile struck two pedestrians, killing one and seriously injuring the other.

At trial, the People presented proof that defendant's station wagon struck the pedestrians as they exited a car parked on the shoulder of the roadway. Their car was parked behind three vehicles with flashing overhead lights: a police car, a tow truck and an Onondaga County Department of Drainage and Sanitation truck. The road was slushy, and defendant was traveling between 10 and 15 miles per hour below the speed limit. After the accident, defendant told police that she saw the flashing lights of the tow truck and "all of a sudden [she] hit something." The People's accident reconstruction expert testified that defendant did not apply her brakes before striking the victims.

Although the proof established that the accident was the result of defendant's unexplained failure to see the pedestrians, that failure does not, without more, establish criminal negligence (*see, People v Boutin*, 75 NY2d 692, 697-698). Nor is criminal negligence established by the fact that defendant's vehicle drifted onto the shoulder of the road (*see, People v Lasch*, 152 AD2d 983; *People v Paris*, 138 AD2d 534; *People v Perry*, 123 AD2d 492, *affd* 70 NY2d 626). "[T]he evidence does not show that defendant was engaged in any criminally culpable risk-creating conduct—e.g., dangerous speeding, racing, failure to obey traffic signals, or any other misconduct that created or contributed to a 'substantial and unjustifiable' risk of death" (*People v Boutin, supra*, at 697-698). Finally, proof that defendant ingested cocaine several hours before the accident does

not support her conviction. The People's expert in pharmacology could not determine whether defendant's driving was affected; the investigator who interviewed defendant after the accident saw no signs of drug use; defendant was acquitted of driving while ability impaired by drugs (Vehicle and Traffic Law § 1192 [4]) and related charges of vehicular manslaughter in the second degree (Penal Law § 125.12 [1], [2]) and vehicular assault in the second degree (Penal Law § 120.03 [1], [2]); and there is no proof that the use of cocaine by defendant caused her to drive carelessly (*see, People v Beiter*, 77 AD2d 214; *People v Lewis*, 53 AD2d 963; *see also, People v Holt*, 109 AD2d 174, 177, *lv denied* 66 NY2d 615). (Appeal from Judgment of Onondaga County Court, Fahey, J.—Criminally Negligent Homicide.) Present—Green, J. P., Wisner, Pigott, Jr., Balio and Boehm, JJ.