■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY KRAFT, Appellant. [717 NYS2d 718] —Mercure, J. P. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered October 21, 1998, upon a verdict convicting defendant of the crimes of criminally negligent homicide and driving while ability impaired by drugs.

Defendant's convictions arise out of a one-car accident that took place on State Route 295 in the Town of Chatham, Columbia County, at approximately 5:00 A.M. on August 31, 1997, when an automobile driven by defendant crossed into the oncoming lane and off the opposite edge of the road, thereafter continued for some distance and ultimately struck a tree, causing the death of defendant's passenger, Jasson Jackson. We are unpersuaded by defendant's challenges to the sufficiency of the trial evidence and accordingly affirm.

Viewed in a light most favorable to the People (*see, People v Acosta*, 80 NY2d 665, 672; *People v Contes*, 60 NY2d 620, 621), the evidence showed that defendant had stayed up the entire night prior to the accident, drinking beer and smoking marihuana. Although a blood alcohol test performed on blood drawn nearly eight hours after the accident revealed no alcohol in defendant's blood, testing was positive for the presence of THC, the active ingredient in marihuana. A witness who saw defendant just before he got into his car testified that efforts had been made to keep defendant from driving because he appeared to be "drunk." In addition, police and paramedical personnel who observed defendant immediately after the accident testified that defendant's eyes were glassy, his speech was slurred and an odor of alcohol could be detected on defendant's body or breath. In the opinion of those witnesses, defendant was intoxicated by alcohol or drugs. Further, the evidence tended to exclude external causes, such as mechanical defects or adverse weather conditions, for the accident. To the contrary, the evidence showed that defendant simply drove off the road and thereafter continued for some distance without making any effort to brake or to avoid hitting the tree.

In our view, that evidence was legally sufficient to support the jury's convictions of criminally negligent homicide and driving while ability impaired by drugs. Unlike the facts

underlying *People v Lewis* (53 AD2d 963), *People v Frisbie* (114 AD2d 587) and *People v Maloof* (254 AD2d 766, *lv denied* 92 NY2d 1035), where the evidence tended to exclude the defendants' intoxication as a causative factor, here the evidence supported a finding that defendant was under the influence of alcohol or drugs at the time of the accident and that defendant's intoxication was causally related to Jackson's death (*see, People v Heidorf*, 186 AD2d 915, 916; *see also, People v Donohue*, 229 AD2d 396, 398, *lv denied* 88 NY2d 1020). As in *People v Currier* (221 AD2d 805, 806), the evidence of defendant's impaired driving is sufficient to establish that he engaged in criminal risk-creating culpable conduct contributing to a substantial and unjustifiable risk of death and that his failure to perceive this risk constituted a gross deviation from the standard of care that a reasonable person would have observed under the same circumstances (*see, id.*; *see also*, Penal Law § 15.05 [4]).

We therefore conclude that "there is [a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial * * * and as a matter of law satisfy the proof and burden requirements for every element of the crime[s] charged" (*People v Bleakley*, 69 NY2d 490, 495 [citation omitted]). Further, viewing the evidence in a neutral light (*see, People v Carthrens*, 171 AD2d 387, 392) but according due deference to the jury's "opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v Bleakley, supra*, at 495), we conclude that the jury's verdict was not against the weight of the evidence (*see, People v Rose [Cousins]*, 215 AD2d 875, 877, *lvs denied* 86 NY2d 793, 801).

Defendant's remaining contentions have been considered and found to be similarly unavailing.

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.