VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     24-AP-282



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

AUGUST TERM,   2025

State of Vermont v. Eric M. Champagne*          }     APPEALED FROM:
                                                 }     Superior Court, Lamoille Unit,
                                                 }     Criminal Division
                                                 }     CASE NO. 523-11-19 Lecr
                                                       Trial Judge: Mary L. Morrissey

In the above-entitled cause, the Clerk will enter:

Defendant appeals his convictions of attempted assault and robbery and resisting arrest following a jury trial.  Defendant argues that the court erred in denying his renewed motion to dismiss due to lost evidence.  We affirm.

In November 2019, defendant was charged based on the following facts.[1]  On October 29, 2019, two men, one shorter and one taller, entered a residence in Morrisville and demanded money and property from the residents.  At the time, there were three individuals in the home: a couple and one person's great-grandmother.  The two men pushed their way inside and the shorter man brandished a knife.  The taller man was wearing a green hooded sweatshirt, and the shorter man was wearing all black, including black gloves and a black sweatshirt.  Both men had a shirt wrapped around their heads so that just their eyes were visible; the taller man's was white and the shorter man's was black.  At least one occupant of the home was scared by the knife.  After the occupants explained that they did not have any money, the men eventually left.  The occupants called 911 and reported the crime.  They provided a description of the men's vehicle, the license plate, and the general direction of the vehicle's travel.  When police stopped a vehicle with the same license plate (but of a different make, model, and color) soon after, the person on the passenger side of the car attempted to flee but was caught by police following a foot chase.  A witness who watched the man flee the car identified him as defendant.

During the investigation, police seized as evidence a black t-shirt from the vehicle and a knife and surgical gloves in defendant's possession.  These items were photographed and logged into police possession.  Before defendant's trial, a police officer mistakenly destroyed the shirt, knife, and gloves during an evidence audit.  The officer saw a tag with the name of the second

---

[1] Defendant was initially charged with assault and robbery with a dangerous weapon, but the State later dismissed this charge and added a charge of attempted assault and robbery.

person charged in the attempted robbery on the box of evidence but did not see defendant's name on the box. The officer learned that the other individual's case had been completed and therefore disposed of the evidence.

Prior to trial, defendant moved to dismiss the case due to the lost evidence. The court denied the motion. The court found that although there was a reasonable probability that the lost evidence was favorable to defendant, dismissal was not warranted because the State acted negligently without bad faith, and the photographs of the evidence remained and could be used by defendant to question witnesses. The parties also agreed to stipulated facts concerning the evidence that were provided to the jury.[2] Defendant's primary defense at trial was that the evidence failed to establish that he was one of the individuals who entered the Morrisville home. The court instructed the jury that if it found the lost evidence might have helped defendant, it could draw an inference that the lost evidence would have been favorable to defendant.

Defendant was convicted of the charges and moved to renew his motion to dismiss based on the lost evidence. Defendant asserted that had the items not been destroyed, he would have been able to show that the black latex gloves were very different from the black driving gloves described by the victim, that the knife was purple, not black as a victim stated, and the shirt was larger than described. The court again rejected his argument. It found that the State was negligent, but it did not act in bad faith; defendant was able to use comparable evidence at trial; and that, even without the challenged evidence, there was sufficient evidence presented at trial to support defendant's conviction. Defendant appealed.

Defendant argues that the court erred in denying his motion to dismiss based on lost evidence. To ensure due process and comply with discovery rules, "the prosecution has an obligation to disclose to the defense any exculpatory material within its possession or control." State v. Gibney, 2003 VT 26, ¶ 34, 175 Vt. 180. This includes evidence that might impeach a State's witness. Id. Under Chapter I, Article 10 of the Vermont Constitution, in situations where the State loses or destroys evidence, a defendant must demonstrate "a reasonable possibility that it would have been favorable." State v. Bailey, 144 Vt. 86, 94 (1984) (quotation omitted), abrogated on other grounds recognized by State v. Bellanger, 2018 VT 13, 206 Vt. 489. If the defendant meets that standard, the court must perform "a pragmatic balancing of three factors: (1) the degree of negligence or bad faith on the part of the government; (2) the importance of the evidence lost; and (3) other evidence of guilt adduced at trial." Id. at 95 (quotation omitted).

Here, it is not disputed that defendant established a reasonable possibility that the lost evidence would have been favorable to him. Defendant argues that the trial court abused its discretion in conducting the balancing of the factors.

---

[2] The stipulation provided that the jury could take "as fact" several characteristics of the evidence:

> one, . . . the gloves found on [defendant] were latex gloves and were not driving gloves; two, . . . that the handle of the knife located on [defendant] at the time of his arrest had purple and black on the handle; three, . . . that the black shirt located during the execution of the search warrant on the vehicle stopped by Sgt. Audet on October 29, 2019, was a black long-sleeved shirt, size 2XL.

2

The first factor is the degree of negligence or bad faith on the State's behalf. The trial court found that the State was negligent in destroying the physical evidence, but the actions did not rise to gross negligence because there was no protocol for disposal of items and it was the first such occurrence by this police department. Defendant claims that the State acted with gross negligence because the destruction could have been avoided by the simple act of looking at the name on the evidence tag. Defendant contends that the officer's action in destroying the evidence was an absence of care rather than a mere error in judgment.

Defendant fails to demonstrate that the error in this case rose to gross negligence. The officer did make an attempt to investigate the pertinence of the evidence prior to destroying it; he saw the evidence tag with the codefendant's name and researched the status of that case. His failure was in failing to ask about defendant's case or in seeing defendant's name also on the tag. Under these circumstances, the trial court reasonably found that the officer's actions, while negligent, did not amount to gross negligence. See Kennery v. State, 2011 VT 121, ¶ 41, 191 Vt. 44 (describing gross negligence as "more than an error of judgment" and instead actions that fail to exercise "even a slight degree of care" (quotations omitted)); State v. Gentes, 2013 VT 14, ¶ 10, 193 Vt. 669 (mem.) (finding mere negligence where evidence lost due to "simple mislabeling and misfiling").

Second, defendant claims that the evidence was of high importance because it hampered defendant's ability to cross-examine witnesses regarding the inconsistencies in their testimony. Defendant's primary defense at trial was that he was not the shorter perpetrator who entered the Morrisville home. He attempted to demonstrate this by impeaching the witnesses' descriptions of this individual. The witnesses described the shorter perpetrator as wearing all black, having a black knife, and wearing black driving gloves. Although defendant had photographs of the evidence taken from the car and his person, he argues that the actual items would have been more valuable in demonstrating the difference between these items and the witnesses' statements. The trial court properly concluded that defendant was able to use comparable evidence at trial to impeach witness statements, including the stipulation and the photographs. The transcript demonstrates that defendant was able to cross-examine several witnesses regarding their conflicting descriptions of the shorter intruder and to use the comparable evidence to cast doubt on the State's assertion that the evidence connected defendant to the crime. See State v. Devine, 168 Vt. 566, 568 (1998) (mem.) (concluding dismissal not necessary where defendant had other evidence available to present his own expert), overruled on other grounds by State v. Cameron, 2016 VT 134, 204 Vt. 52.

Finally, defendant argues that the court's analysis of the final factor—the strength of the other evidence—was flawed. The court found that even without the photographs of the gloves, knife, and t-shirt, the evidence of guilt against defendant would have been sufficient to sustain the convictions. The witness testimony established that two males of different heights entered a Morrisville home, and demanded money and property. The shorter male had a knife. When the intruders left, the witnesses noted the vehicle description, license plate, and direction of travel. Law enforcement stopped a vehicle with the same license plate about six miles from the crime scene and observed the shorter individual wearing black and holding a knife flee the scene. Defendant claims that the court's analysis is in error because the court was required to assess the evidence without any mention of the gloves, shirt, or knife. This is not the correct standard. The analysis of the "other evidence" was evidence from sources other than that directly linked to the destroyed evidence—here, the destroyed items. To the extent that evidence about the gloves, shirt, and knife were admissible through other sources, such as witness testimony, the court properly relied on that in assessing the weight of the evidence. See Gentes, 2013 VT 14, ¶ 11

(assessing balance of evidence against defendant and considering trooper's observations of defendant's impairment and result of breath test even where defendant challenged conviction based on lost evidence of independent blood sample).

In sum, the court properly considered and weighed all the Bailey factors and concluded that defendant had not demonstrated that the lost evidence warranted dismissal of the charges against him.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Karen R. Carroll, Associate Justice